In the Matter of JEFFREY S. BURNS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 8, 1991

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* for petitioner.

*Jeffrey S. Burns,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

In this proceeding the Special Referee sustained the eight charges of professional misconduct.

Charge one alleged that the respondent was guilty of an assault and battery upon another attorney, causing her to sustain a bone and cartilage nose fracture. The injured attorney underwent reconstructive surgery and a second operation to, among other things, remove scar tissue. As a result of this incident, the injured attorney was awarded $20,000 for past pain and suffering and $5,000 for future pain and suffering.

Charge two alleged that the respondent failed to cooperate with the Grievance Committee in its investigation of the complaint which forms the basis of Charge one.

Charge three alleged that the respondent was guilty of making accusations about a Justice of the Supreme Court. On May 16, 1986, an article appeared in a newspaper, wherein the reporter quoted the respondent as saying, *inter alia,* that the Justice of the Supreme Court was "high-handed and biased".

Charge four alleged that the respondent entertained jurors at a party at his home after their favorable monetary verdict, in violation of Code of Professional Responsibility DR 7-108 (D), which limits an attorney's ability to ask questions of or make comments to a member of a jury.

Charge five alleged that the respondent was guilty of conduct involving contempt of court. During the course of a criminal trial, a Justice of the Supreme Court gave the respondent one day to show cause why he should not be summarily punished for contempt in front of the jury. Despite being advised that he would have an opportunity to make a statement on the record the following morning, the respondent persisted in questioning and interrupting the Justice. Thereafter, even though the Justice of the Supreme Court ordered the respondent remanded when court adjourned, the respondent continued to question the Justice and to defy his orders. During the course of this trial, the respondent was incarcerated for 80 minutes for contempt of court.

Charge six alleged that the respondent failed to cooperate with the petitioner Grievance Committee in its investigation of a complaint made against him. On August 26, 1986, a letter was sent to the respondent by certified mail, return receipt requested, enclosing a copy of a complaint filed against him by a client and requesting that the respondent submit an answer within 15 days. The respondent failed to comply with this request. On October 24, 1986, the respondent was served with a subpoena commanding his appearance at the Grievance

Committee's office on October 27, 1986. On November 2, 1986, the respondent asked that the matter be referred to the Fee Conciliation Committee of the Nassau County Bar Association. On November 7, 1986, the respondent appeared at the petitioner Grievance Committee's office pursuant to the subpoena for a deposition. On December 19, 1986, the petitioner Grievance Committee advised the Conciliation Committee that the respondent and the client had agreed to submit their dispute to binding arbitration. Thereafter, the respondent failed to cooperate in this matter for several months. On September 9, 1987, a settlement was reached whereby the respondent was to refund $9,000 to his client; $3,000 was to be paid on October 1, 1987 and thereafter, $1,000 was to be paid each month until the debt was satisfied. On December 8, 1987, the client indicated that only $3,000 of the debt had been paid.

Charges seven and eight each allege as to two different complaints, that the respondent repeatedly failed to respond, appropriately cooperate and comply with the petitioner Grievance Committee's requests and directives to answer the two complaints.

The petitioner moves to confirm the report of the Special Referee and the respondent cross-moves to disaffirm the report.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The petitioner's motion to confirm the report is granted and the respondent's cross motion is denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the character letters submitted on behalf of the respondent. However, the respondent is guilty of serious professional misconduct. Accordingly, the respondent is disbarred and his name stricken from the roll of attorneys and counselors-at-law.

MANGANO, P. J., THOMPSON, BRACKEN, KUNZEMAN and EIBER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the report of the Special Referee is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Jeffrey S. Burns is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Jeffrey S. Burns is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.